Paul Richard URBAN, Sr., Petitioner,

v.

Dr. R. O. SETTLE, Warden, Medical Center for Federal Prisoners, Springfield, Missouri, Respondent.

No. 16974.

United States Court of Appeals. Eighth Circuit.

Feb. 2, 1962.

Before JOHNSEN, Chief Judge, and MATTHES, Circuit Judge.

PER CURIAM.

The District Court permitted petitioner to file an application for a writ of habeas corpus without payment of fee, but denied the application without a hearing.

Without filing notice of appeal and seeking leave from that court to appeal in forma pauperis, petitioner has transmitted some papers here, the object of which is to obtain a hearing on the question of his sanity.

Petitioner's papers show that he is under a five-year sentence, imposed on December 6, 1957, by the District Court for the Southern District of Ohio; that after serving a part of such sentence at the Penitentiaries at Atlanta, Georgia, and Leavenworth, Kansas, respectively, he was transferred to the Medical Center at Springfield, where he is now confined; that this removal was directed by the Attorney General after the Board of Examiners at Leavenworth had certified petitioner to be of unsound mind; and that he is now being held at Springfield for psychiatric care and treatment.

It is petitioner's contention that he is sane; that he is entitled to the benefit of the good-time deductions provided for in 18 U.S.C.A. § 4161; and that on this basis he now is entitled to a conditional release under 18 U.S.C.A. §§ 4163 and 4164 from future confinement on his sentence.

Under the provisions of 18 U.S.C.A. § 4241, good-time deductions are suspended in their operation as to a prisoner who has been found by a Board of Examiners "to be insane or of unsound mind or otherwise defective" and has, on this basis, been removed to a hospital for defective delinquents. The statute specifically directs that a prisoner thus removed to a hospital for defective delinquents is "there to be kept until, in the judgment of the superintendent of said hospital, the prisoner shall be restored to sanity or health or until the maximum sentence, without deduction for good time or commutation of sentence, shall have been served".

Good-time deductions under 18 U.S.C.A. § 4161, do not become vested as a basis for conditional release until they have accrued in full. Estabrook v. King, 8 Cir., 119 F.2d 607, 609; Lopez v. Madigan, D.C.Cal., 179 F.Supp. 742, aff'd. 9 Cir., 273 F.2d 617. A prisoner who has been removed to a hospital for defective delinquents under 18 U.S.C.A. § 4241 is not entitled to have further good conduct accruals made or become operative for conditional release purposes until, in the judgment of the superintendent of the hospital, he has become restored to sanity or health. Estabrook v. King, supra. Ibid. If, in the judgment of the superintendent, he does not become so restored, he is entitled to be kept in the hospital, under § 4241, until his maximum sentence has been served. He cannot, in this situation, ordinarily seek his release from the hospital until one or the other of these two contingencies has occurred.

Within the power of Congress to control the care and treatment of all federal prisoners, it necessarily may set up such appropriate administrative machinery for dealing with this problem as it sees fit, without leaving the way open to a prisoner to have the judgment of the officials to whom that responsibility has been entrusted subjected to judicial examination, except as some right otherwise of a prisoner may be violated. Estabrook v. King, supra, 119 F.2d at p. 610.

Petitioner accordingly has no basis to request a judicial determination in respect to his present confinement at the Medical Center, or to attempt to obtain judicial recognition of good-time accruals

under § 4161, while he is so confined. Thus, whether his attempt here is one to have a judge of this court grant him a hearing or to require the District Court to do so, he is not entitled to seek such relief for purposes of being released from custody.

Petitioner's application will be permitted to be docketed without payment of fee, and the relief sought will be denied.

Application denied.