William W. SNOW, Appellant,

v.

Clarence T. GLADDEN, Warden, Oregon State Penitentiary, Appellee.

No. 19326.

United States Court of Appeals
Ninth Circuit.

Nov. 10, 1964.

James L. Shores, Jr., Birmingham, Ala., Curtis Wright, Gadsden, Ala., for appellant.

John T. Thomas, Jr., Asst. U. S. Atty., Macon L. Weaver, U. S. Atty., Birmingham, Ala., for appellee.

Before JONES and BELL, Circuit Judges, and HUNTER, District Judge.

William W. Snow, in pro. per.

Robert Y. Thornton, Atty. Gen. of Or., C. L. Marsters, Asst. Atty. Gen. of Or., Salem, Or., for appellee.

Before HAMLIN, MERRILL and BASTIAN, Circuit Judges.

HAMLIN, Circuit Judge.

Appellant William W. Snow, an inmate of the Oregon State Penitentiary, tendered a complaint in the United States District Court for the District of Oregon seeking damages against Clarence T. Gladden, the warden of said penitentiary.[1] Jurisdiction was asserted under 28 U.S.C. § 1343(3) and (4), it being alleged that the claim arose under 42 U.S.C. § 1983 (1958).[2]

Snow, in his complaint, alleged that he had been incarcerated in the Oregon State Penitentiary since October 6, 1959, pursuant to a judgment rendered in the Oregon state courts. He further alleges that in January, 1961, a prison doctor made a diagnosis that he had an ulcer and directed that he be fed upon an ulcer diet. Snow alleges that he received this ulcer diet for approximately a year and a half until on or about June 30, 1962, at which time he was ordered to be confined in the isolation quarters of the penitentiary where he remained until he was released from isolation on February 24, 1964. He further alleges that he did not receive his ulcer diet for a period from approximately the 25th of September, 1962, until the 24th of February, 1964. He further alleges "that by reason of the aforesaid refusal defendant acting under the color of state law and through his duly authorized agents has denied plaintiff the equal protection of the law; aggravated plaintiff's ulcer condition, and caused plaintiff great physical pain and mental anguish." The prayer of his complaint asks for some $15,000 in damages and for an order to the defendant "to cease and desist from refusing to give plaintiff his ulcer diet."

The district court made an order permitting the filing of the complaint in forma pauperis and then held that the complaint "fails to state facts sufficient to constitute a cause of action or upon which the court can grant any relief, and, further that the subject matter of said complaint is frivolous.", and dismissed the complaint. A timely appeal was taken to this court which has jurisdiction under 28 U.S.C. § 1291.

Appellant's complaint alleges that appellant has been denied the equal protection of the laws. On this contention the complaint is deficient in that there is absent an allegation that the purpose of the acts complained of was to dis-

1. With the complaint Snow also moved to file and prosecute the complaint in propria persona and in forma pauperis.

2. "§ 1983. Civil action for deprivation of rights.
   "Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory, sub-
   jects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress."

criminate between appellant and others. Snowden v. Hughes, 321 U.S. 1, 10, 64 S.Ct. 397, 88 L.Ed. 497 (1943).

 Even if we consider that appellant's claim arises under the due process clause appellant is entitled to no relief. There are no sufficient allegations of any serious bodily injury to appellant or any showing of any right entitling him to damages.

Prison authorities have wide discretion as to the treatment of prisoners. Weller v. Dickson, 314 F.2d 598, 602 (9th Cir. 1963) (concurring opinion of Duniway, J.) and cases cited therein.

We see no error in the action of the district court dismissing appellant's complaint.[3]

Judgment affirmed.

---

3. 28 U.S.C. § 1915(d). The court may request an attorney to represent any such person unable to employ counsel and may dismiss the case if the allegation of poverty is untrue, or if satisfied that the action is frivolous or malicious.