William R. DAREY, Appellant,

v.

Dr. G. Lee SANDRITTER, etc., Appellee.

No. 20065.

United States Court of Appeals Ninth Circuit.

Dec. 28, 1965.

William R. Darey, in pro. per.

Thomas C. Lynch, Atty. Gen. of California, William E. James, Asst. Atty. Gen., Jack K. Weber, Deputy Atty. Gen., Los Angeles, Cal., for appellee.

Before CHAMBERS, HAMLEY, and ELY, Circuit Judges.

PER CURIAM:

Appellant, regularly convicted of a criminal offense by a California court, was sentenced to a term of confinement. He did not appeal from the judgment of conviction, and it does not appear that his term has expired. Through prison administrative action, apparently pursuant to Cal.Pen.Code § 2684, he was transferred to a state hospital, where he is now held for treatment. In his petition for writ of habeas corpus, filed in the District Court, he alleges that he is illegally detained by the hospital's superintendent. He insists that a hearing should have been conducted for the determination of whether it was proper to transfer him to a hospital. Moreover, he alleges that prison authorities improperly ignored a previous psychiatric report that he "was not dangerous to society or a menace to society."

The District Court properly denied the petition. There was no need for an evidentiary hearing, inasmuch as the petition presents no substantial federal question.

It is not appellant's hospitalization which deprives him of his liberty. The deprivation stems from the judgment of conviction and the sentence of confinement. The hospitalization does not result from a separate order or judgment which is independent of the penal judgment and might extend a legally imposed term of restraint. Whether a prisoner, during his lawful term, should or should not receive medical treatment in suitable environs must ordinarily be determined by custodial authorities in the proper exercise of a sound discretion. See Urban v. Settle, 298 F.2d 592, 593 (8th Cir. 1962); Higgins v. United States, 205 F.2d 650, 653 (9th Cir. 1953); Wells v. Attorney General, 201 F.2d 556, 559 (10th Cir. 1953); Jones v. Pescor, 169 F.2d 853, 856 (8th Cir. 1948); Estabrook v. King, 119 F.2d 607, 609-610 (8th Cir. 1941). See also People v. Trippell, 20 Cal.App.2d 386, 67 P.2d 111 (1937). Furthermore, psychiatric evaluation is not necessarily the sole factor to be taken into account by supervising authorities in determining a prisoner's eligibility for parole. Appellant makes no case for federal intervention.

Affirmed.