**UNITED STATES of America ex rel. Jack GITTLEMACKER**

v.

**COMMONWEALTH OF PENNSYL-VANIA et al.**

**UNITED STATES of America ex rel. Jack and Ethel GITTLEMACKER**

v.

**COUNTY OF PHILADELPHIA et al.**

**Civ. A. Nos. 42910, 42911.**

United States District Court
E. D. Pennsylvania.
March 4, 1968.

William C. Sennett, Harrisburg, by Frank P. Lawley, Jr., Deputy Atty. Gen., for respondents.

Murray C. Goldman, Asst. City Solicitor, for County of Philadelphia and Philadelphia General Hospital.

Edward C. German, Philadelphia, Pa., for John McAllister.

William J. O'Brien, Philadelphia, Pa., for Williamsport Hospital.

## OPINION

LUONGO, District Judge.

Jack Gittlemacker, a state prisoner, instituted these actions under the Civil Rights Act[1] seeking a total of $55,-000,000 damages for alleged improper medical treatment accorded to him and to his wife, Ethel, while both were incarcerated in state institutions. CA 42910 complains of improper medical treatment to Jack Gittlemacker. He is the sole plaintiff in that suit and the defendants are the Commonwealth of Pennsylvania, and Joseph R. Brierley,

---

1. Section 1979 of the Revised Statutes, the Civil Rights Act of 1871, 42 U.S.C. § 1983, which provides:

    "Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress."

the superintendent, Sergeants Klock and Scharf, guards, and Drs. Anderson, Place, Hamburg and Hanson, physicians employed at State Correctional Institution at Philadelphia. In CA 42911 both Jack and Ethel Gittlemacker seek redress for improper medical treatment to Ethel. Defendants in that suit are the Commonwealth of Pennsylvania, the aforementioned Brierley, the City of Philadelphia, the Philadelphia General Hospital, Williamsport Hospital and John McAllister, an attorney who represented Ethel Gittlemacker at her criminal trial.

There is no diversity of citizenship between the parties, consequently if a cause of action is to be stated at all, it must be under the aforementioned Civil Rights Act.[2] The essential elements of such a suit are:

"  *   *   *  (1) the conduct complained of must have been done by some person acting under color of law; and (2) such conduct must have subjected the complainant to the deprivation of rights, privileges, or immunities secured to him by the Constitution and laws of the United States." Basista v. Weir, 340 F.2d 74, 79 (3d Cir. 1965).

(a) *Deprivation of rights secured by the Constitution and laws of the United States.*

■ Both complaints (Nos. 42910 and 42911) are fatally deficient in that they fail to charge any of the defendants with conduct depriving plaintiffs of rights, privileges or immunities secured by the Constitution and laws of the United States. Tortious conduct, in and of itself, is not sufficient to establish invasion of rights guaranteed by the federal constitution. Kent v. Prasse, 385 F.2d 406 (3d Cir. 1967). By the most liberal construction, the within complaints charge the defendants with negligence and with medical malpractice in connection with the care and treatment accorded the plaintiffs while plaintiffs were state prisoners. There are

cases intimating that if a prison inmate is denied "essential medical care," he may be able to state a claim under the Civil Rights Act. See United States ex rel. Knight v. Ragen, 337 F.2d 425 (7th Cir. 1964), cert. denied, 380 U.S. 985, 85 S.Ct. 1355, 14 L.Ed.2d 277 (1965); Stiltner v. Rhay, 371 F.2d 420 (9th Cir. 1967), cert. denied, 386 U.S. 997, 87 S.Ct. 1318, 18 L.Ed.2d 346 (1967).

■ Plaintiffs here do not charge that they were denied care, but rather that the extensive treatment they admittedly received was improper. A charge of improper medical treatment by prison authorities does not state a claim for denial of rights secured by the federal constitution or laws and for that reason does not state a claim under the Civil Rights Act. Commonwealth of Pennsylvania ex rel. Gatewood v. Hendrick, 368 F.2d 179 (3d Cir. 1966), cert. denied, 386 U.S. 925, 87 S.Ct. 899, 17 L.Ed.2d 797 (1967). See Threatt v. State of North Carolina, 221 F.Supp. 858 (W.D. N.C.1963); United States ex rel. Lawrence v. Ragen, 323 F.2d 410 (7th Cir. 1963); Snow v. Gladden, 338 F.2d 999 (9th Cir. 1964).

For failure to charge the essential element of deprivation of constitutionally guaranteed rights, both complaints are subject to dismissal as to all defendants for failing to state a claim upon which relief can be granted.

There are additional grounds for dismissal as to some of the defendants:

(b) *Color of law.*

■■ Another element essential to a Civil Rights suit is that the conduct complained of must have been "done by [a] person acting under color of law." Basista v. Weir, supra. In CA 42911 the complaint against McAllister is that he ineffectively represented Ethel Gittlemacker at her criminal trial. Although an attorney is an officer of the court, he does not act under color of law when he undertakes the defense of a person

---

2. Jurisdiction over such suits is conferred on the District Courts by 28 U.S.C. § 1343.

charged with crime. Pugliano v. Staziak, 231 F.Supp. 347 (W.D.Pa.1964), aff'd per curiam, 345 F.2d 797 (3d Cir. 1965). For this additional reason, the complaint fails to state a claim against McAllister.

### (c) *"Person"*

 Suits under the Civil Rights Act may be instituted only against "person[s]" who, under color of law, deprive others of civil rights. A municipal corporation is not a "person" subject to suit under the Act, Monroe v. Pape, 365 U.S. 167, 81 S.Ct. 473, 5 L.Ed.2d 492 (1961); Roberts v. Trapnell, 213 F.Supp. 47 (E.D.Pa.1963, Van Dusen, J.); nor is a state a "person" within the meaning of the Act. Williford v. People of California, 352 F.2d 474 (9th Cir. 1965); Clark v. State of Washington, 366 F.2d 678 (9th Cir. 1966); Loux v. Rhay, 375 F.2d 55 (9th Cir. 1967).

The complaints are subject to dismissal as to the City of Philadelphia, the Philadelphia General Hospital (an agency of the City) and the Commonweath of Pennsylvania for the additional reason that they are not "person[s]" subject to suit under the Civil Rights Act.

### *Motions to Dismiss*

From the foregoing discussion it is apparent that both complaints are subject to dismissal as to all defendants for one or more reasons, but not all of the defendants have moved to dismiss. Only the City of Philadelphia, the Philadelphia General Hospital, McAllister and Williamsport Hospital have done so and their motions will, of course, be granted. The Commonwealth defendants,[3] have filed no motion to dismiss. Should that failure preclude dismissal of these complaints as to them? Under the circumstances here present, I think not. These two actions were instituted simultaneously and the similarity in cause, numbers and parties has undoubtedly created some confusion. A Deputy Attorney General of Pennsylvania entered his appearance

for the Commonwealth defendants and filed a motion for summary judgment in one of these actions (#42910). Although some of the same Commonwealth defendants (the Commonwealth of Pennsylvania and Brierley) were also sued in #42911, no motion was filed on their behalf in the second action. Noting this, Gittlemacker moved for entry of default against the defendants in #42911. There is a temptation to enter a default because of the derelictions of the Office of the Attorney General, but to do so would not serve the interests of justice. In my view there has been a substantial compliance with the requirements of Urbano v. Calissi, 353 F.2d 196 (3d Cir. 1965). By the entry of appearance and the filing of the motion for judgment in the one action, the Commonwealth defendants have taken a sufficiently adversary stance to permit dismissal of these complaints which fail to state a claim against them.

---

3. The Commonwealth of Pennsylvania, Brierley, Klock, Scharf, and Drs. Anderson, Place, Hamburg and Hanson.