**George R. HURLEY, Petitioner,**

v.

**H. V. FIELD, Superintendent, Respondent.**

**No. 68–452.**

United States District Court
C. D. California.

March 27, 1968.

George R. Hurley, in pro. per.

Thomas C. Lynch, Atty. Gen. of California, Los Angeles, Cal., for respondent.

MEMORANDUM AND ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS AND DISMISSING COMPLAINT FOR VIOLATION OF CIVIL RIGHTS ACT

WILLIAM P. GRAY, District Judge.

The petitioner is being held in the custody of the penal authorities of the State of California pursuant to judgments whose validity is not questioned here. He alleges that he has been denied adequate medical attention for an ulcer condition and that this denial of medical attention constitutes a cruel and unusual punishment prohibited by the Eighth Amendment to the United States Constitution.

The petitioner specifically alleges that in March, 1966, subsequent to his imprisonment, he was diagnosed as having an ulcer and began receiving medication for this condition. Such medication ap-

parently continued until June, 1966, at which time the petitioner was placed upon an ulcer diet. The petitioner alleges that his special dietary privileges were terminated on November 1, 1967, along with those of approximately fifty other prisoners, as punishment for the failure of the petitioner and other prisoners to attend all of their prescribed dietary meals. The petitioner finally alleges that the prison authorities have refused to restore his ulcer diet. He seeks a writ of habeas corpus and relief under the Civil Rights Act, 42 U.S.C. § 1983.

The petitioner's contention that the denial of adequate medical attention provides a basis for habeas corpus relief is without merit. The proper scope of habeas corpus relief does not extend to directing prison officials in the treatment and care of inmates. United States ex rel. Knight v. Ragen, 337 F.2d 425 (7th Cir. 1964). The petition therefore is deemed to be without merit as an application for a writ of habeas corpus, and it accordingly is denied.

The petitioner also seeks relief under the Civil Rights Act, 42 U.S.C. § 1983. The denial of essential medical care by state prison officials may be, in an exceptional circumstance, actionable in federal courts under that statute. Cullum v. California Department of Corrections, 267 F.Supp. 524, 525 (N.D.Cal. 1967). The petitioner, however, admits that he received medical treatment for an ulcer condition and he fails to allege that this treatment was so inadequate as to constitute a violation of his constitutional rights. State prison authorities have wide discretion as to the medical treatment of prisoners, including the termination of ulcer diets. Snow v. Gladden, 338 F.2d 999, 1001 (9th Cir. 1964).

In view of the foregoing, this Court concludes that the petitioner has not stated a claim upon which relief can be granted under the Civil Rights Act, 42 U.S.C. § 1983, and the petitioner's complaint accordingly is dismissed.