**Robert E. H. CARLISLE, Plaintiff,**

v.

**Herbert SCOTT, Warden, Illinois State Penitentiary, Joliet Branch, and Vernon Willis, Captain, Illinois State Penitentiary, Joliet Branch, Defendants.**

**No. 73 C 390.**

United States District Court,
N. D. Illinois, E. D.

April 25, 1973.

---

Robert E. H. Carlisle, pro se.

William J. Scott, Atty. Gen., Chicago, Ill., for defendants.

## MEMORANDUM OPINION AND ORDER

BAUER, District Judge.

This cause comes on the motion of the defendants to dismiss the instant complaint. Plaintiff is an inmate of the Illinois State Penitentiary, Joliet Branch. Plaintiff has filed suit under the Civil Rights Act, 42 U.S.C. § 1983 and bases jurisdiction on 28 U.S.C. §§ 1343, 2201. Relief is sought by way of injunction, declaratory judgment and monetary damages.

The factual allegations which give rise to the plaintiff's claim may be simply stated. The plaintiff alleges that the institutional doctor ordered that the plaintiff be placed on a "bland diet" because of certain medical problems he was experiencing. Plaintiff further claims that the defendants, who have control over the diets of the inmates, were aware of the doctor's order. Nevertheless, the plaintiff contends, the food served to him does not conform to that prescribed by the physician. Plaintiff further alleges his food is frequently insufficient and always cold due to the procedures employed to transport meals to him. Plaintiff claims that this failure to provide him with the proper diet, which he alleges violates Illinois law, amounts to a deprivation of his constitutional rights.

All rights existing under state law are not always federal rights carrying a federal remedy. Bradford Audio Corp. v. Pious, 392 F.2d 67, 72 (2nd Cir. 1968). The general claim that prison officials failed to properly enforce health rules is insufficient to support a claim of deprivation of constitutional rights under section 1983. United States ex rel. Lawrence v. Ragen, 323 F.2d 410 (7th Cir. 1963).

Failure to comply with prison regulations regarding medical care amounts to a denial of Fourteenth Amendment rights in two limited types of cases. Courts have held that a showing of specific intent to cause harm to the prisoner or the presence of severe injuries under a denial of medical treatment actionable under the Civil Rights Act. Church v. Hegstrom, 416 F.2d 449 (2nd Cir. 1969). In the absence of such a showing, the conduct of prison authorities does not reach the level of a section 1983 violation of constitutionally protected rights. *Id.* In the instant case

neither specific intent to harm nor presence of severe injuries are alleged.

Other courts have dealt with similar suits by inmates under section 1983. In Snow v. Gladden, 338 F.2d 999 (9th Cir. 1964), a prisoner was placed on an ulcer diet by the prison doctor but prison officials failed to comply with the doctor's directive. The court held that these facts failed to state a cause of action upon which relief could be granted. Similarly, in the case of Hurley v. Field, 282 F.Supp. 34 (C.D.Cal.1968), the prisoner alleged that he was placed on an ulcer diet by the prison doctor, but was subsequently removed from this diet by prison authorities. Upon request, they refused to place him on the special diet again. The court concluded that the plaintiff had not stated a claim upon which relief could be granted, and accordingly, dismissed the complaint. This Court finds nothing in the instant complaint to distinguish the case at bar from the *Snow* and *Hurley* decisions.

For the foregoing reasons the motion of the defendants to dismiss the instant complaint is granted.