**Harvey Delbert CULLUM, Plaintiff,**

v.

**CALIFORNIA DEPARTMENT OF CORRECTIONS et al., Defendants.**

**No. 45970.**

United States District Court
N. D. California.

April 3, 1967.

Harvey Delbert Cullum, in pro. per.

William D. Stein, Deputy Atty. Gen., San Francisco, Calif., for defendants.

MEMORANDUM AND ORDER

OLIVER J. CARTER, District Judge.

This is a civil rights action brought by a prisoner in which he alleges, in essence, that he was assaulted by a prison guard, seriously injured, and that he has not received adequate medical attention for his injuries. He asks for damages in the modest amount of $2,500,000.00. Defendants are seeking to dismiss this ac-

tion for failure to state a claim upon which relief can be granted.

■ Assuming, as we must for the purposes of this motion, that the allegations of the complaint are true, a careful examination of the pleadings indicates that the plaintiff has not succeeded in stating sufficient facts to show that he has been denied any constitutionally protected right cognizable under the Civil Rights Act. 42 U.S.C. § 1983.

With respect to plaintiff's claim that he has received inadequate medical attention, there is a complete absence of factual allegations to sustain such a charge. Deprivation of essential medical care by state prison official may be, in an exceptional circumstance, actionable in federal courts under this section. United States ex rel. Knight v. Ragen, 337 F.2d 425 (7th Cir. 1964). The facts alleged by the plaintiff, however, show that he did receive medical treatment. He has failed to establish that this treatment was so inadequate as to constitute a violation of his constitutional rights.

This leaves the remainder of the complaint which describes an incident in which a guard struck plaintiff several times while removing him from a mess line in the prison dining hall.

It is clear from reading the complaint, even with its inflammatory language, that this treatment by the guard falls far short of being cruel and unusual punishment. See Jordan v. Fitzharris, 257 F.Supp. 674, 679 (N.D.Cal.1966). The most that plaintiff alleges is an assault by physical force on a single occasion. The real issue then is whether an assault which is not a violation of the Eighth Amendment, and which occurred in the disciplinary setting of a prison, constitutes a claim for relief under the Civil Rights Act. For the reasons outlined below, this Court believes that it does not.

■ If plaintiff were a private citizen and had been assaulted by a police officer, it is well established that he could state a claim for relief under the Civil Rights Act. Monroe v. Pape, 345 U.S. 167, 81 S.Ct. 473, 5 L.Ed.2d 492 (1961); York v. Story, 324 F.2d 450 (9th Cir. 1963). However, the plaintiff in this action is not a private citizen; he is a prisoner, and this distinction is crucial.

Status of the plaintiff is relevant for at least two reasons: First, a prisoner, unlike a private citizen, is maintained in custody for long periods of time. It is a fact of prison life that this confinement causes great tension, and that there are occasions which require the administration of summary discipline as a means for maintaining order. See Talley v. Stephens, 247 F.Supp. 683, 686 (E.D. Ark.1965). On the other hand, the private citizen, even as a suspect, is generally not confined to a penal institution, and the same considerations which justify discipline in prison are not applicable to him.

■ A second consideration which distinguishes the prisoner's action from one brought by a private citizen is that in the case of the former the Court, by allowing it to proceed to trial, would of necessity involve itself in the administration of discipline in prisons. This involvement is contrary to the declared policy of the Federal Courts which recognizes that the internal matters in state penitentiaries are the sole concern of the state except under exceptional circumstances. United States ex rel. Lee v. People of the State of Illinois, 343 F.2d 120 (7th Cir. 1965). Therefore, an additional consequence in permitting a prisoner to bring this action based on an assault is to inject the Federal Courts into prison administration by virtue of its role as the referee in prison-guard disputes.

■ The consequences of such intervention are dangerous. For example, if every time a guard were called upon to maintain order he had to consider his possible tort liabilities it might unduly limit his actions. Such limitation may jeopardize his safety as well as the safety of other prisoners. For this reason it is imperative that prison officials be given the discretion to apply discipline

without the possible debilitating effect that would result if there were judicial review of each and every application of discipline to see who was right and who was wrong. As a general rule, prison authorities are given wide discretion as to the treatment of prisoners. Snow v. Gladden, 338 F.2d 999 (9th Cir. 1964). There is no reason for not extending this discretion to the area of summary discipline in which physical force is used.

This is not to say that discretion in this area is not capable of abuse. Where there are indications of abuse, this Court will, and has not hesitated in the past, to step in and correct any injustices. See Jordan v. Fitzharris, supra. However, in the absence of factual allegations sufficient to establish either that plaintiff is being subjected to cruel and unusual punishment, or that he is the subject of invidious and persistent discrimination by prison officials, this Court believes that the summary administration of discipline, including the use of physical force, does not constitute a claim for relief under the Civil Rights Act. Cole v. Smith, 344 F.2d 721 (8th Cir. 1965).

Accordingly, it is ordered that this action be, and the same is hereby dismissed.