Elias B. FOSTER, Plaintiff,

v.

JACOB, Correctional Officer; Green, Correctional Officer; Saam, Correctional Officer; and Dr. McLarney, Chief Medical Officer, Defendants.

Civ. No. 69–340.

United States District Court
C. D. California.

April 3, 1969.

Elias B. Foster, in pro. per.
No appearance for defendants.

## MEMORANDUM AND ORDER DISMISSING ACTION

WILLIAM P. GRAY, District Judge.

The plaintiff is presently incarcerated at the California Men's Colony at Los Padres, California. He seeks to bring this action for damages based upon the provisions of the Civil Rights Act, 42 U.S.C. § 1981 et seq., alleging that certain employees of the California Department of Corrections have violated his rights under the United States Constitution, as hereinafter discussed. The plaintiff has sought leave to proceed *in forma pauperis* under 28 U.S.C. § 1915.

■■ According to the complaint, all of the plaintiff's problems concerned in this matter began when he tried to deposit in the mail room of the penal facility a legal document intended for this court; defendant Jacob, who was there on duty, told him that his papers were not in order and tossed them back toward the plaintiff. Inasmuch as the plaintiff refused to catch them, they fell onto the floor. The plaintiff contends that his constitutional right to communicate with the court was thereby violated. The plaintiff does not describe just what papers were involved in this altercation. However, the records of this court reveal that the plaintiff had filed with this court a petition for writ of habeas corpus (No. 68–1263–EC), which was denied by Judge Crary on August 27, 1968.

The file contains a notice of appeal that the plaintiff filed on September 16, 1968, and it also contains copies of orders later issued by the Court of Appeals in apparent response to plaintiff's requests directed to that body. The plaintiff states that his altercation with defendant Jacob over the sufficiency of the legal papers took place on about September 11, 1968. If, as seems apparent, the legal papers concerned the hereinabove mentioned action, the plaintiff's access to the court was not long forestalled. The plaintiff does not allege what document it was that was intercepted, nor does he make any contention that it was not sent to the court within a reasonable time. Control of the mail to and from inmates is an essential part of prison administration and the maintenance of order within such a facility. McCloskey v. Maryland, 337 F.2d 72 (4th Cir. 1964); Ortega v. Ragen, 216 F.2d 561 (7th Cir. 1954). It seems evident that the defendants did not exceed the proper bounds of their authority and that the plaintiff's complaint falls far short of alleging an unconstitutional interference with his access to this court.

The plaintiff's next allegation is that immediately after his papers hit the floor, as hereinabove described, an argument ensued between him and Jacob as to who must pick the papers up, and that the argument escalated into an incident in which Jacob punched the plaintiff in the area of his right kidney. The plaintiff was taken to the hospital, where Dr. McLarney, another defendant, diagnosed the plaintiff's injury as a bruise. The plaintiff demanded further medical treatment, x-rays, and certain notations on his medical record, all of which Dr. McLarney refused to accord him. The plaintiff does not allege that Dr. McLarney was wrong in his diagnosis that the battery that the plaintiff suffered amounted to no more than a bruise, but he insists that such battery and the resulting lack of action by the doctor constituted a further deprivation of his rights under the Fourteenth Amendment.

The only complaint that the plaintiff makes against the remaining defendants, Green and Saam, is that at the time of the altercation in the mail room they responded to Jacob's call and took the plaintiff from the room.

Under the Constitution and the Civil Rights Acts, federal courts have a well recognized obligation to grant relief to a person whose constitutional rights are seriously violated. This does not mean that we must review every diagnosis by a prison doctor or vindicate every prisoner who gets into an insolent "you're another!" type of argument with a guard and receives a punch in the process. The action is frivolous and it accordingly is dismissed, under authority of 28 U.S.C. § 1915(d).