held many times that 'invidious' distinctions cannot be enacted without a violation of the Equal Protection Clause." 393 U.S. at 30, 89 S.Ct. at 10.

The present case deals with that type of minor difference which *Williams* does not proscribe. The states have broad discretion in formulating election policies. Williams v. Rhodes, *supra*, at 34, 89 S.Ct. 5; United States v. Classic, 313 U.S. 299, 311, 61 S.Ct. 1031, 85 L.Ed. 1368 (1941); Voorhes v. Dempsey, 231 F. Supp. 975, 977 (D.Conn. 1964) (three-judge court). The statutes herein challenged represent a valid exercise of that discretion. It may well be that the plaintiffs have strong feelings that this legislative distinction creates an unnecessary burden upon prospective candidates for public office, however, if their claim has any merit their proper forum is before the state legislature. The plaintiffs have shown no invidious discrimination. All three petitions are denied and dismissed.

So ordered.

Donald L. Beishir, pro se.

### ORDER GRANTING LEAVE TO PROCEED IN FORMA PAUPERIS AND DISMISSING "SUIT FOR DAMAGES"

BECKER, Chief Judge.

Plaintiff, a state convict currently confined in the Missouri State Penitentiary, has submitted under date of July 24, 1969, a "suit for damages" in which he states that a so-called "Black Militant" disturbance took place in the penitentiary on June 25, 1969, in which he did not participate; that nevertheless on June 25, 1969, at the direction of Warden Swenson, defendant Schanzmeyer "confiscated" plaintiff's personal belongings and was negligent in that he did not make an itemized list thereof; and that thereafter plaintiff was "unjustly accused" by the prison administration of

**Donald L. BEISHIR, Plaintiff,**

v.

**August F. SCHANZMEYER, Guard, Missouri State Penitentiary, Jefferson City, Missouri, Defendant.**

**Civ. A. No. 1471.**

United States District Court,
W. D. Missouri, C. D.

Aug. 29, 1969.

destroying state property and was requested by penitentiary authorities to sign a confession that he had destroyed state property, as a condition of having his personal belongings returned to him. Plaintiff prays for "actual damages of $19.25 and $2500" against defendant Schanzmeyer for the latter's failure to make an itemized list of his properties when he took them from plaintiff's cell at the direction of the Warden.

■■■ Plaintiff will be granted leave to proceed in forma pauperis inasmuch as Section 1915(a) authorizes the commencement of any suit "without prepayment of fees and costs or security therefor, by a person who makes affidavit that he is unable to pay such costs or give security therefor." Such is the case here. Where "it appears that the proceeding is without merit", however, the complaint may be dismissed. Smart v. Heinze (C.A.9) 347 F.2d 114, 116; Williams v. Field (C.A.9) 394 F.2d 329. The present proceeding is without merit as a matter of law because plaintiff has not stated a claim to invoke the jurisdiction of this Court under Section 1983, Title 42, U.S.C. Under that Section, claims which allege the violation of a federal right by a state officer acting under color of state law are actionable in the federal courts. In this case, however, plaintiff has not alleged the violation of any of his federal rights. The only claim which plaintiff has asserted against defendant Schanzmeyer is negligence in failing to make an itemized list of plaintiff's personal belongings when he picked them up from plaintiff's cell under the directions of the prison administration. Plaintiff states no claim for relief under Section 1983, Title 42, U.S.C. against defendant Schanzmeyer personally. Plaintiff does not allege that the defendant Schanzmeyer violated any of plaintiff's federally protected rights. He specifically states that the defendant was merely "negligent" in failing to make the itemized list. Simple negligence which does not involve the violation of any civil right is not actionable under the Civil Rights Act. No person has a federally protected constitutional or statutory right to be free from injury to his person or property resulting from the simple negligence of others. Cf. Monroe v. Pape, 365 U.S. 167, 81 S.Ct. 473, 5 L.Ed.2d 492; United States v. Classic, 313 U.S. 299, 61 S.Ct. 1031, 85 L.Ed. 1368; Screws v. United States, 325 U.S. 91, 65 S.Ct. 1031, 89 L. Ed. 1495; Note, Limiting the Section 1983 Action in the Wake of Monroe v. Pape, 82 Harvard L.Rev. 1486. Plaintiff does not allege any complicity of defendant Schanzmeyer in the allegedly false accusations or wrongfully-administered punishments.

For the foregoing reasons, it is

Ordered that plaintiff be, and he is hereby, granted leave to proceed in forma pauperis and his complaint will be filed without the prepayment of any costs or fees. It is further

Ordered that plaintiff's "suit for damages" be, and the same is hereby, dismissed for lack of jurisdiction.