**Julius Dwaine PERRY, Sr., Petitioner-Appellant,**

v.

**Clarence M. JONES, Sheriff, Dallas County, Texas, Respondents-Appellees.**

**No. 30435**

**Summary Calendar.***

United States Court of Appeals,
Fifth Circuit.

Jan. 15, 1971.

Rehearing Denied Feb. 9, 1971.

---

1. We note that Perry's appeal is set for submission before the Texas Court of Criminal Appeals on January 13, 1971.

* [1] Rule 18, 5th Cir.; See Isbell Enterprises, Inc. v. Citizens Casualty Co. of New York et al., 5 Cir., 1970, 431 F.2d 409, Part I.

Harry M. Roberts, Jr., Dallas, Tex., for petitioner-appellant; Thompson, Knight, Simmons & Bullion, Dallas, Tex., of counsel.

Henry Wade, Dist. Atty., Dallas, Tex., for respondents-appellees.

Before THORNBERRY, MORGAN and CLARK, Circuit Judges.

PER CURIAM:

This action is brought by the petitioner under 42 U.S.C. § 1983 and 42 U.S.C. § 1985(3). It is alleged that Dallas County, Texas, jailers are denying petitioner and others access to the courts by interfering with notarization and mailing of various written material to the courts. The lower court dismissed the petition. We affirm.

Upon hearing in the lower court, it was found that possibly there had been instances where prisoners' written material to the courts had not been notarized or mailed as promptly as the prisoners might desire. The evidence and pleadings showed, however, that there has been a tightening of procedure and an improvement in these matters within the last year.

Federal courts are reluctant to interfere with the administration of state prisons. Whirl v. Kern, 5 Cir., 1968, 407 F.2d 781; Courtney v. Bishop, 8 Cir., 1969, 409 F.2d 1185. This reluctance is based on sound reason. Prison officials are responsible for the security of their prison. They must have a wide discretion in security administration. McCloskey v. Maryland, 4 Cir., 1964, 337 F.2d 72. The federal courts cannot review every incident which may arise in a local jail. Foster v. Jacob, C.D.Cal. 1969, 297 F.Supp. 299.

The records of the district court show that the petitioner personally has had considerable access to the federal courts. Over fifteen notarized instruments plus numerous letters, all products of the petitioner, have been received and are on file with the clerk's office of the court below. It is also evident from the petitioner's pleadings in the lower court that he has filed considerable correspondence at the state level.

 The evidence does not support the allegation that petitioner is being denied access to the courts. Wilson v. Prasse, 3 Cir., 1968, 404 F.2d 1380.

The order of the lower court is

Affirmed.