**Odell BOLDEN, Plaintiff,**

v.

**Marvin MANDEL, Governor, et al.,
Defendants.**

**Civ. No. 73–866–H.**

United States District Court,
D. Maryland.

Dec. 10, 1974.

———◆———

Thomas W. Coons, Baltimore, Md., for plaintiff.

Francis B. Burch, Atty. Gen. and James G. Klair, Asst. Atty. Gen., Baltimore, Md., for defendants.

ALEXANDER HARVEY, II, District Judge:

This suit brought by a state prisoner raises the narrow question whether a simple assault committed by a prison guard on an inmate is actionable under the Civil Rights Act. Presently confined in the Maryland House of Correction, Odell Bolden, petitioner, has filed this action under 42 U.S.C. § 1983, seeking damages as a result of an incident which occurred at the institution on August 8, 1973. Named as defendants are the Governor of the State of Maryland, the Secretary of the State Department of Public Safety and Correctional Services, the Commissioner of Corrections, the Warden of the Maryland House of Correction, and the Correctional Officer who allegedly assaulted the plaintiff.

In his complaint, plaintiff alleges that he was verbally abused and threatened with bodily harm by Correctional Officer J. Z. Johnson on August 8, 1973. He suffered no physical injury from this alleged assault, but claims damages for "mental anguish, humiliation, embarrassment, and fear  *  *  * ." The defendants have filed a motion to dismiss, claiming that the plaintiff has not stated a cause of action which would permit him to recover damages under 42 U.S.C. § 1983. Counsel has been appointed to represent the plaintiff in this case, briefs have been filed in support of and in opposition to the pending motion to dismiss, and a hearing has been held in open court.

I

The parties agree that the only proper defendant in this action is Correctional Officer J. Z. Johnson. There are no allegations in the complaint to indicate that the Warden of the Maryland House of Correction or any of the other State officials named as defendants personally participated in the alleged assault or was even aware of it. See Barrow v. Bounds, 498 F.2d 1397 (4th Cir. 1974). In its *per curiam* opinion in that case, the Fourth Circuit said (slip opinion, pages 2–3):

We agree with the majority of federal courts which have considered the question that where, as here, money damages are sought pursuant to 42 U.S.C. § 1983, some personal involvement by the defendant is required; the doctrine of *respondeat superior* does not apply. *See, e. g.,* Jennings v. Davis, 476 F.2d 1271 (8th Cir. 1973); Adams v. Pate, 445 F.2d 105 (7th Cir. 1971); Madison v. Gerstein, 440 F.2d 338 (5th Cir. 1971); Dunham v. Crosby, 435 F.2d 1177 (1st Cir. 1970); Campbell v. Anderson, 335 F.Supp. 483 (D.Del.1971); Sanberg v. Duley, 306 F.Supp. 277 (N.D. Ill.1969); But, *compare,* Carter v. Carlson [144 U.S.App.D.C. 388] 447 F.2d 358 (D.C.Cir. 1971), rev'd on other grounds, 409 U.S. 418 [93 S.Ct. 602, 34 L.Ed.2d 613] (1973), and Hill v. Toll, 320 F.Supp. 185 (E.D.Pa. 1970).

Inasmuch as the doctrine of *respondeat superior* does not apply in an action of this sort, a complaint such as the one presently before the Court brought by a state prisoner must either specify the precise manner in which a warden or other state official is personally responsible for the alleged invasion of constitutional rights or must name as defendant the person who actually caused his loss. From a reading of the complaint in this case, it is clear that the

only proper defendant is Correctional Officer J. Z. Johnson who allegedly committed the assault in question.

## II

It is alleged in the complaint that on the morning of August 8, 1973, plaintiff had been assigned to work in the main dining room of the Maryland House of Correction. Located near the prisoners' main dining room was the officers' dining room, where Correctional Officer Johnson was on duty that morning. For reasons which are not explained in the complaint, plaintiff attempted to gain entrance to the officers' dining room. Officer Johnson refused to allow plaintiff to enter this area, and when plaintiff persisted, Johnson allegedly grabbed a knife and moved toward plaintiff, saying, "Nigger, get out of here before I cut your mother-f---ing black a---." Plaintiff retreated and left the area. There was no touching of plaintiff or other physical contact between him and Officer Johnson, but plaintiff claims damages for mental anguish, humiliation, embarrassment and fear.

■ 42 U.S.C. § 1983 authorizes the recovery of damages from an individual defendant for the unjustifiable violation of the constitutional rights of the plaintiff under color of state law. Monroe v. Pape, 365 U.S. 167, 81 S.Ct. 473, 5 L.Ed. 2d 492 (1961); Basista v. Weir, 340 F.2d 74 (3rd Cir. 1965); Collins v. Schoonfield, 363 F.Supp. 1152, 1156 (D.Md. 1973). However, § 1983 does not provide a remedy for common law torts. Street v. Surdyka, 492 F.2d 368, 371 (4th Cir. 1974). Thus, there is no constitutional right of a prisoner to be free of simple negligence, particularly where the injury caused does not involve physical harm. Beishir v. Schanzmeyer, 315 F. Supp. 519 (W.D.Mo.1969). As the Fourth Circuit said in the recent case of Street v. Surdyka, *supra,* 492 F.2d, at page 371:

Instead [§ 1983] creates a federal cause of action against those acting under color of state law who cause a

"deprivation of any rights, privileges, or immunities secured by the Constitution and laws [of the United States]." 42 U.S.C. § 1983. In many cases the same conduct will violate both state law and the federal Constitution, but certainly not all violations of state law rise to the level of constitutional tort.

In Rochin v. California, 342 U.S. 165, 172, 72 S.Ct. 205, 96 L.Ed. 183 (1952), the Supreme Court indicated that the activities of the state officials complained of must "do more than offend some fastidious squeamishness or private sentimentalism" but must in fact amount to conduct "that shocks the conscience." Other courts have used similar language in determining whether a proper constitutional claim has been asserted in an action brought under § 1983. Burns v. Swenson, 430 F.2d 771, 778 (8th Cir. 1970); Mitchell v. Boslow, 357 F.Supp. 199, 203 (D.Md.1973); Townes v. Swenson, 349 F.Supp. 1246, 1248 (W.D.Mo. 1972).

■ Insofar as assaults are concerned, the Fourth Circuit has held that the unjustified and non-negligent shooting of a youth by a policeman was actionable under § 1983. Jenkins v. Averett, 424 F.2d 1228 (4th Cir. 1970). According to several District Court decisions, mere words or threats do not amount to an actionable assault under § 1983. Jones v. Superintendent, 370 F.Supp. 488, 491 (W.D.Va.1974); United States ex rel. Smith v. Heil, 308 F.Supp. 1063, 1067 (E.D.Pa.1970). Furthermore, mere physical contact between a prisoner and a guard would not necessarily amount to a violation of the former's constitutional rights. Johnson v. Glick, 481 F.2d 1028, 1033 (2d Cir. 1973). In that case, Judge Friendly discussed the principles which a court should consider in determining whether conduct of a prison guard crosses the constitutional line, as follows (at page 1033):

Certainly the constitutional protection is nowhere nearly so extensive as that afforded by the common law tort action for battery, which makes action-

able any intentional and unpermitted contact with the plaintiff's person or anything attached to it and practically identified with it, see Prosser, Torts § 9 (4th ed. 1971); still less is it as extensive as that afforded by the common law tort action for assault, redressing "Any act of such a nature as to excite an apprehension of battery," *id.* § 10, at 38. Although "the least touching of another in anger is a battery," Cole v. Turner, 6 Mod. 149, 87 Eng.Rep. 907, 90 Eng.Rep. 958 (K. B. 1704) (Holt, C.J.), it is not a violation of a constitutional right actionable under 42 U.S.C. § 1983. The management by a few guards of large numbers of prisoners, not usually the most gentle or tractable of men and women, may require and justify the occasional use of a degree of intentional force. Not every push or shove, even if it may later seem unnecessary in the peace of a judge's chambers, violates a prisoner's constitutional rights. In determining whether the constitutional line has been crossed, a court must look to such factors as the need for the application of force, the relationship between the need and the amount of force that was used, the extent of injury inflicted, and whether force was applied in a good faith effort to maintain or restore discipline or maliciously and sadistically for the very purpose of causing harm. (Footnote omitted).

In the *Johnson* case, the complaint alleged that a prison guard had grabbed the plaintiff by the collar and had struck him twice on the head with something enclosed in his fist, that the guard thereafter further threatened the plaintiff and that when the plaintiff requested medical attention, the guard delayed taking him to the doctor. The Second Circuit held that these allegations stated a claim under § 1983.

Foster v. Jacob, 297 F.Supp. 299 (C.D. Calif.1969), involved allegations that a guard had punched a prisoner during an argument. The Court dismissed the action, noting that relief under the Civil Rights Act should be granted only to a person whose constitutional rights are seriously violated. In Fisher v. Turner, 335 F.Supp. 577 (D.Utah 1972), the Court held that a prisoner who claimed that a prison guard had slammed a door against him and struck him with his fist had not stated an actionable claim under § 1983. In Cullum v. California Department of Corrections, 267 F.Supp. 524 (N.D.Calif.1967), the Court held that a § 1983 claim had not been stated in a complaint which alleged that a guard struck a prisoner several times while removing him from a mess line in the prison dining hall.

Applying the principles of these cases to the allegations here, this Court concludes that the pending complaint does not state a claim which would entitle plaintiff to recover damages under 42 U.S.C. § 1983. This Court concludes that a simple assault which does not result in a physical touching and which produces no physical injury is not actionable under § 1983. Plaintiff was here attempting entry into an unauthorized area. Although the prison guard's reaction was unnecessarily excessive, there was no physical contact between the parties and plaintiff suffered no physical injury whatsoever. In the tense and hostile atmosphere of a prison, confrontations such as this one undoubtedly occur on numerous occasions. See Mitchell v. Boslow, *supra,* 357 F.Supp. at 202. Were a prisoner such as plaintiff entitled to a jury trial each time that he was threatened with violence by a prison guard, even though no injury resulted, the federal courts would be more burdened than ever with trials of prisoner suits such as this one. See McCray v. Burrell, 367 F.Supp. 1191, 1193–1194 (D.Md.1973).

Plaintiff's reliance on Scott v. Vandiver, 476 F.2d 238 (4th Cir. 1973), and Johnson v. Glick, *supra,* is misplaced. In the *Scott* case, although the plaintiff was not struck by the shots fired at him by one of the defendants, the shooting was found to be the cause of severe physical injuries suffered by the plaintiff. In

the *Johnson* case, the prisoner was struck several times by the officer, was detained for two hours in a holding cell and was refused medical attention for the physical injuries suffered.

For the reasons stated, defendants' motion to dismiss is hereby granted.