**Kenneth R. SHEFFEY, Plaintiff,**

v.

**Lieutenant GREER, Official of Illinois State Penitentiary, Menard, Illinois, Defendant.**

**Civ. No. 73–269–E.**

United States District Court,
E. D. Illinois.

March 25, 1975.

Kenneth Sheffey, pro se.

William J. Scott, Atty. Gen., James B. Zabel, Asst. Atty. Gen., Chicago, Ill., for defendant.

———◆———

## ORDER

FOREMAN, District Judge:

This case is presently before the Court on the Motion of the defendant to Dismiss for Failure to State a Claim Upon Which Relief Can Be Granted (Federal Rules of Civil Procedure, Rule 12(b)(6)).

Plaintiff, a prisoner at the Illinois State Penitentiary, Menard, Illinois, has filed a suit pursuant to 42 U.S.C. § 1983 alleging that defendant, a prison guard, struck him in the face and thereby violated the Eighth and Fourteenth Amendments by subjecting plaintiff to cruel and unusual punishment without due process of law. Plaintiff seeks $50,000 compensatory damages for superficial facial injuries and $750,000 punitive damages.

█ Viewing the complaint in the light most favorable to the plaintiff and admitting as true all well pleaded facts, as the Court is required to do for the purposes of this motion, Carroll v. Morrison Hotel Corp., 149 F.2d 404, 406 (7th Cir. 1945), this Court is unable to see in defendant's alleged actions the degree of wrong-doing which would bring his conduct under 42 U.S.C. § 1983.

██ Not every action that constitutes a state law tort of assault, even when it is committed under the color of state law, is sufficient in and of itself to show a claim for relief under 42 U.S.C. § 1983, Kent v. Prasse, 385 F.2d 406, 407 (3rd Cir. 1967); Davidson v. Dixon, 386 F.Supp. 482, 487 (D.Del.1974). In order to recover on a § 1983 claim, it is necessary for the plaintiff to show intentional conduct by one acting under color of state law which subjected him to the deprivation of rights, privileges, or immunities secured to him by the Constitution and laws of the United States, Kish v. County of Milwaukee, 441 F.2d 901, 904 (7th Cir. 1971); Basista v. Weir, 340 F.2d 74, 79 (3rd Cir. 1965); *Davidson, supra*, 386 F.Supp. at 487. The fact that a prisoner is assault-

ed or injured ". . . by state officials does not necessarily mean that he is deprived of any right protected or secured by the Constitution of laws of the United States," Screws v. United States, 325 U.S. 91, 108–109, 65 S.Ct. 1031, 1039, 89 L.Ed. 1495 (1945).[1]

"The management by a few guards of large numbers of prisoners, not usually the most gentle or tractable of men and women, may require the occasional use of a degree of intentional force. Not every push or shove, even if it may later seem unnecessary in the peace of a judge's chambers, violates a person's constitutional rights," Johnson v. Glick, 481 F.2d 1028, 1033 (2d Cir. 1973), cert. denied in 414 U.S. 1033, 94 S.Ct. 462, 38 L.Ed.2d 32 (1973). To support liability, this Court believes the acts challenged must do more than offend some fastidious squeamishness or private sentimentalism. They must shock the conscience, Rochin v. California,[2] 324 U.S. 165, 172, 72 S.Ct. 205, 96 L.Ed. 183 (1952), or constitute force that is "brutal", 342 U.S. at 174, 72 S.Ct. 205. "Thus, a plaintiff must show more than that he has suffered an intentional tort at the hands of a defendant who was acting under color of state law; he must prove acts which amount to shocking or brutal conduct," Davidson v. Dixon, 386 F.Supp. 482, 488 (D.Del.1974).

Here, plaintiff, who filed his complaint within "a half hour after the initial incident occured [sic]" (plaintiff's complaint, page two), has alleged suffering "superficial facial damages" (complaint, page two) due to the single blow of defendant. A single punch in the face by a prison guard does not constitute cruel and unusual punishment, Fisher v. Turner, 335 F.Supp. 577, 579 (D.Utah, 1972); Cullum v. California Department of Corrections, 267 F.Supp. 524 (N.D.Cal.1967). Although a spontaneous attack by a guard is "cruel" and it is hoped "unusual," it does not fit any ordinary concept of punishment, Johnson v. Glick, 481 F.2d 1028, 1032 (2d Cir. 1973), cert. denied in 414 U.S. 1033, 94 S.Ct. 462, 38 L.Ed.2d 32 (1973). Nor is such an assault sufficient to establish a violation of the due process clause of the Fourteenth Amendment, Foster v. Jacob, 297 F.Supp. 299 (C.D.Cal.1969).

This Court is of the opinion that plaintiff's complaint does not meet the test, enunciated above, which would raise the degree of wrong-doing involved up to a deprivation of a federally guaranteed right, i. e., the act challenged is not one which involves shocking or brutal conduct.

"Alleged assaults by state prison officials, without any showing of a constitutional violation, are matters for consideration of internal prison discipline of interest solely to the state and actionable, if at all, in the state courts," Cole v. Smith, 344 F.2d 721 (8th Cir. 1965). The general standard is that

1. See Note, Logue v. United States: Prisoner Tort Recovery, 41 UMKC Law Review 308, 331 (1972). "Battery by a guard or negligent supervision that allows inmate batteries are other examples of torts that may not be sufficient to create a constitutional claim."

2. This Court agrees with the warning placed upon use of the *Rochin* test in such proceedings by the 2nd Circuit, Johnson v. Glick, 481 F.2d 1028, 1033 (2d Cir. 1973), cert. denied in 414 U.S. 1033, 94 S.Ct. 462, 38 L.Ed.2d 32 (1973): "While the *Rochin* test 'conduct that shocks the conscience,' 342 U. S. at 172, 72 S.Ct. 205, is not one that can be applied by a computer, it at least points the way." The conduct cannot be viewed

and evaluated other than in the context of a prison environment and the specific facts alleged. See also: Williams v. Field, 416 F.2d 483 (9th Cir. 1969), cert. denied in 397 U.S. 1016, 90 S.Ct. 1252, 25 L.Ed.2d 431 (1969) dealing with an inmate's attack upon another inmate, the Court asked "Is the conduct of such a character as to shock the conscience or violate Fundamental Fairness?" *supra* at 486; Lee v. Tahash, 352 F.2d 970 (8th Cir. 1965) covering prison mail regulations, the Court stated, ". . . unlawful administration can exist where there are aspects of institutional treatment of such character or consequences as to shock general conscience or to be intolerable in Fundamental Fairness," *supra* at 972.

only in exceptional circumstances will a federal court interfere with matters that involve the internal management of a state prison, Butler v. Bensinger, 377 F.Supp. 870, 875 (N.D.Ill.1974); United States ex rel. Lee v. People of the State of Illinois, 343 F.2d 120, 121 (7th Cir. 1965). Since plaintiff has failed to allege any violation of his constitutional rights, his complaint based upon 42 U.S.C. § 1983 must be dismissed.

For the reasons stated herein defendant's Motion to Dismiss for Failure to State a Claim Upon Which Relief Can Be Granted is hereby granted and this case is accordingly dismissed.

It is so ordered.