**Aaron R. SUITS, Plaintiff,**

v.

**Kenneth LYNCH, personally and in his official capacity, Defendant.**

**Civ. No. 76–219–C3.**

United States District Court,
D. Kansas.

June 30, 1977.

Aaron R. Suits, pro se.

Curt T. Schneider, Atty. Gen., Roger M. Theis, Asst. Atty. Gen., State of Kansas, Topeka, Kan., for defendant.

## MEMORANDUM AND ORDER

WESLEY E. BROWN, Chief Judge.

This is a civil rights action brought pursuant to 42 U.S.C. § 1983 by an inmate of the Kansas State Penitentiary, Lansing, Kansas, presently incarcerated for state convictions of aggravated rape and sodomy, and aggravated robbery. He seeks a money judgment against a correctional officer of the Penitentiary for an alleged violation of his constitutional rights. We previously granted plaintiff leave to proceed in this action in forma pauperis. 28 U.S.C. § 1915. The matter now is before the Court for consideration of defendant's motion for summary judgment. A pre-trial order has been prepared, the parties have submitted affidavits of their witnesses, and the Court has listened to oral recitation of the parties' respective positions.

The facts are not in substantial dispute. On October 22, 1976, officers of the Kansas State Penitentiary conducted a search of inmates' cells for the purpose of removing metal-tipped pens and pencils, which had been used recently for self-mutilation by certain inmates. The plaintiff, Suits, was removed from his cell during the search conducted there and certain pens were confiscated. Suits demanded a receipt for the property taken, as provided, he claims, by administrative regulation. The receipt was refused him, and he thereafter refused to

**40**

re-enter his cell, preferring to challenge this decision. The defendant, Lynch, then a senior officer of the facility in which Suits was housed, responded by ordering Suits into his cell and threatening the use of force should he resist. Suits again refused. At the time, approximately five other nearby cells were open for inspection, a situation which required care on the part of the officers to maintain order in the cell block. In response to Suits' refusal, several officers, including Lynch, attempted to force him into the cell, Suits physically resisting the entire time. During the ensuing scuffle, the officers managed to force Suits to the floor, break his hold on the bars of his cell, and "slide" him into the cell.

■ The basis for plaintiff's cause of action is his contention that Lynch used excessive force, amounting to cruel and unusual punishment, in obtaining his compliance. He accuses Lynch of the following bad acts: (1) pulling his left arm to guide him into the cell; (2) ordering him thrown to the floor; (3) pulling and twisting his "bad leg" in an attempt to position him before the door of the cell; (4) grabbing him about the neck and pulling his hair; (5) kicking at his hands to free them from the bars of the cell; (6) pulling him into the cell; and (7) kicking or punching at him one last time after he had been replaced in the cell. He lists the injuries suffered as swelling of his twisted leg, bruises on his shoulders, feet, hands and throat, loss of hair, and a sore back. Lynch claims that neither he nor the other officers physically abused Suits, but that only so much force as then appeared necessary was used. This issue is therefore in dispute, but for purposes of determining summary judgment the averments of the plaintiff shall be assumed true. *Gragg v. Travelers Ins. Co.*, 459 F.2d 418 (10th Cir. 1972). The question we are asked to resolve is whether, under the circumstances now known, the conduct of the defendant was so insubstantial that under no interpretation of the facts, and as a matter of law, could it be said he violated plaintiff's right to be free of cruel and unusual punishment.

■ As we indicated in our opinion of November 2, 1976, in this case, prison personnel must be free to deal firmly with outbreaks and uncontrolled situations as they arise to maintain order, discipline, and preserve the security of inmates as well as of officers, and to quell potential large-scale violence. See *Bethea v. Crouse*, 417 F.2d 504 (10th Cir. 1969). However, the courts also realize that infliction of punishment may be cruel and unusual when, although applied in pursuit of legitimate penal objectives, it goes far beyond what is necessary to achieve those objectives. *Dearman v. Woodson*, 429 F.2d 1288 (10th Cir. 1970). The test is whether the prisoner has been administered corporal punishment of such base, inhumane, and barbaric proportions, both in relation to present-day concepts of human dignity and the objective or provocation of the punishment, as to shock and offend the court's sensibilities. *Bethea v. Crouse, supra*, at 509. In this respect, the protection of the Eighth Amendment, applicable to the states through the Fourteenth Amendment's due process clause, is nowhere nearly so extensive as that afforded by the common law tort action for battery. *Johnson v. Glick*, 481 F.2d 1028 (2nd Cir. 1973); *Bolden v. Mandel*, 385 F.Supp. 761 (D.Md.1974). *Fisher v. Turner*, 335 F.Supp. 577 (D.Utah 1972); *Foster v. Jacob*, 297 F.Supp. 299 (C.D.Cal.1969). To quote from Judge Friendly's opinion in *Johnson v. Glick, supra*, at 1033:

> Not every push or shove, even if it may later seem unnecessary in the peace of a judge's chambers, violates a prisoner's constitutional rights. In determining whether the constitutional line has been crossed, a court must look to such factors as the need for the application of force, the relationship between the need and the amount of force that was used, the extent of injury inflicted, and whether force was applied in a good faith effort to maintain or restore discipline or maliciously and sadistically for the very purpose of causing harm.

■ In the case at bar, the plaintiff clearly provoked the reaction of Lynch by refusing to obey a lawful order to return to his cell. Indeed, he aggravated the situation by actively resisting efforts to place him in the cell. This came at a time when

other nearby cells were open, and there existed a dangerous possibility of confrontation between prison officials and inmates. The officers therefore were fully justified in taking swift and forceful action to replace plaintiff in his cell, regardless of plaintiff's personal reasons for refusing to go voluntarily. Considering further the extent of injury allegedly suffered by the plaintiff, we find nothing "shocking" about the incident. At best, bruises and swellings are minor ailments which could result from any altercation, and therefore are not themselves indicative of a constitutional violation. The record further reflects that plaintiff has been received at the prison hospital on a regular basis since the October incident, thereby disproving his claim of denial of medical treatment.

Even assuming that the defendant took the opportunity to arbitrarily pummel the plaintiff or take a few "cheap shots" at him while he was pinned by other officers or otherwise helplessly sprawled upon the floor, we find nothing in this incident which appears "base, inhumane, or barbaric." At best, under the conditions, if plaintiff suffered a battery, it is not an infringement of his rights.

IT IS THEREFORE ORDERED that defendant's motion for summary judgment be and the same is hereby Granted.