Lucille M. BOWMAN and Dale A. Bowman, Plaintiffs,

v.

Edward W. CASLER, as Sheriff of the County of Herkimer; William Burke, as Deputy Sheriff of the County of Herkimer; and County of Herkimer, New York, Defendants.

No. 83–CV–1140.

United States District Court, N.D. New York.

Nov. 22, 1985.

Kernan & Kernan, P.C. (John E. Hunt, of counsel), Utica, N.Y., for plaintiffs.

Basloe, Basloe & Gallagher, Evalyn G. Basloe, Herkimer, N.Y., for defendants Burke and Casler.

Gorman, Waszkiewicz & Gorman, Utica, N.Y., for defendant County of Herkimer.

## MEMORANDUM—DECISION AND ORDER

MUNSON, Chief Judge.

This is an action for injuries and deprivation of civil rights under 42 U.S.C. § 1983. The action arose out of Deputy Sheriff William Burke's breaking of plaintiff Dale Bowman's finger while Bowman was under arrest. Both sides have moved for summary judgment.

## I. FACTS

The following facts are undisputed. The incident occurred when Bowman was being processed at Herkimer County Correctional Facility after his arrest on state charges. While Bowman was being photographed, Deputy Sheriff Burke was standing a foot away from him and told him to stand still. Bowman told Burke: "I don't want you near me." Bowman pointed at Burke, holding his finger a foot away from Burke, and told the two or three other police officers present that he did not want Burke near him. Burke moved closer to Bowman, pulled Bowman's hand down, and said: "Don't point at me, or I'll break your fucking finger." Bowman put his finger four or five inches from Burke's face and said: "I just don't want you near me." Burke grabbed Bowman's finger, spraining and fracturing it.

## II. LAW

The Second Circuit has held that a person who is subjected to police brutality while under arrest has a cause of action under 42 U.S.C. § 1983. "[A]pplication of undue force by law enforcement officers deprives a suspect of liberty without due process of law." *Johnson v. Glick*, 481 F.2d 1028, 1032 (2d Cir.), *cert. denied sub nom. John v. Johnson*, 414 U.S. 1033, 94 S.Ct. 1033, 38 L.Ed.2d 324 (1973).

As a general standard, the *Glick* court stated that the conduct of a police officer or prison guard is unconstitutional if it "shocks the conscience." *Id.* at 1033 (quoting *Rochin v. California*, 342 U.S. 165, 172, 72 S.Ct. 205, 209, 96 L.Ed. 183 (1952)). The court also set out more specific criteria:

> [A] court must look to such factors as the need for the application of force, the relationship between the need and the amount of force that was used, the extent of injury inflicted, and whether force was applied in a good faith effort to maintain or restore discipline or maliciously and sadistically for the very purpose of causing harm.

*Glick*, 481 F.2d at 1033.

Finally, the court noted that violent conduct by police officers or prison guards does not always give rise to a cause of action:

> Certainly the constitutional protection is nowhere nearly so extensive as that afforded by the common law tort action for battery, which makes actionable any intentional and unpermitted contact with the plaintiff's person.... The management by a few guards of large numbers of prisoners, not usually the most gentle or tractable of men and women, may require and justify the occasional use of a degree of intentional force. Not every push or shove, even if it may later seem unnecessary in the peace of a judge's chambers, violates a prisoner's constitutional rights.

*Id.*

## III. APPLICATION OF LAW TO FACTS

### A. Amount of Force Necessary

■ The immediate task of photographing Bowman did not require breaking his finger. If he was disruptive, the three or four police officers present could have

handcuffed or otherwise subdued him without intentionally hurting him.

Although Bowman's conduct can be considered provocative and abusive, discipline also did not require breaking his finger. Such conduct may have called for a show of force if the incident had occurred in the presence of other prisoners who could be encouraged to indulge in similar disruptive behavior. But in the presence of police officers only, Bowman caused no harm other than insult, which does not justify physical retaliation. Therefore, Burke used excessive force.

## B. Extent of Injury

■ Some courts have held that severe injury is necessary to support a constitutional claim for police brutality. *See, e.g., Gumz v. Morrissette*, 772 F.2d 1395, 1400–02 (7th Cir.1985) (denying § 1983 claim for emotional harm caused by "grossly excessive demonstration of manpower and firepower"); *Donahue v. Maynard*, 437 F.Supp. 47 (D.Kansas 1977) (mace burns); *Sheffey v. Greer*, 391 F.Supp. 1044 (E.D.Ill. 1975) (punch in face). In *Martinez v. Rosado*, 614 F.2d 829 (2d Cir.1980), the plaintiff was hospitalized and suffered permanent injuries including kidney pain and seminal dysfunction. The Second Circuit upheld his § 1983 claim, but called the case "a very close one." *Id.* at 830. The assaults and injuries in *Martinez* were much more severe than in the present case. Therefore, under *Martinez* Dale Bowman would not have a cause of action.

More recently the Second Circuit stated that a police brutality claim is sufficient if it alleges force that is "gratuitous and excessive," *Hodges v. Stanley*, 712 F.2d 34, 36 (2d Cir.1983), and the court did not require a showing of severe injury. But the court did not focus on the issue of severity of injury or state explicitly that a § 1983 plaintiff need not show severe injury. Furthermore, the case involved a serious assault, which included choking the prisoner until he was unconscious. Therefore, it is unclear how severe an injury the Second

Circuit requires to support a police brutality claim.

The D.C. Circuit has made a thorough analysis of the issue of the severity of injury necessary to support a constitutional claim for police brutality. *See Norris v. District of Columbia*, 737 F.2d 1148 (D.C. Cir.1984). The court reiterated the Second Circuit's position that "minor 'push[es] and shove[s]' in the prison setting, even if completely unprovoked, are not actionable under the Constitution." *Id.* at 1152 (quoting *Glick*, 481 F.2d at 1033). On the other hand, the court indicated that injuries do not have to be permanent or of any specific degree of severity. *See Norris*, 737 F.2d at 1150–51. The court held that "the amount of force required to state a constitutional claim for prison officer battery varies with the justification for that force." *Id.* at 1152. *See also Shillingford v. Holmes*, 634 F.2d 263 (5th Cir.1981).

In the view of this court, the D.C. Circuit's test for the injury element of a § 1983 brutality claim is consistent with *Glick*. *Glick* held that malice or sadism is an element of a § 1983 claim. If a plaintiff had to show permanent or severe injury, police and prison officers would be able to routinely inflict minor injuries such as breaking fingers. Officers should be held liable for such practices. This court holds that the injury inflicted in the present case is sufficient to uphold a § 1983 claim if the other elements of the claim are satisfied.

## C. State of Mind

■ It is unclear whether Burke broke Bowman's finger intentionally. Although he threatened to break it and indeed grabbed it, he denies that he broke it intentionally. Rather, he asserts that he intended to "bluff." Whether Burke acted with the malice necessary to support Bowman's § 1983 claim must be determined at trial.

## IV. PARTIES

■ The plaintiffs have offered no evidence that defendant Casler, Herkimer County Sheriff, authorized Burke to injure Bowman or that there was a policy to allow

such conduct. Furthermore, the general doctrine of *respondeat superior* does not suffice to hold Casler liable. *See Glick,* 481 F.2d at 1034. Therefore, Bowman has not stated a cause of action against Casler.

## V. CONCLUSION

The plaintiffs' motion for summary judgment is denied.

Defendant Burke's motion for summary judgment is denied.

Defendant Casler's motion for summary judgment is granted.

IT IS SO ORDERED.