**John MURRAY, Plaintiff,**

v.

**Richard KOEHLER, Commissioner, Marron Hopkins, Warden, Assistant Deputy Warden Daly, Captain Grillo, Officer Columbia, Officer Deravin, Defendants.**

**No. 88 Civ. 4689 (RWS).**

United States District Court, S.D. New York.

March 7, 1990.

John Murray, Attica, N.Y., pro se.

Victor A. Kovner, Corp. Counsel, New York City (C. Orsland, of counsel), for defendants.

### OPINION

SWEET, District Judge.

Plaintiff *pro se* John Murray ("Murray"), an inmate formerly incarcerated at the House of Detention for Men on Rikers Island, has moved to amend his Section 1983 complaint to add two additional correctional officers as defendants and to re-join as a defendant Marron Hopkins ("Hopkins"), the Warden of the facility against whom the complaint was previously dismissed. Defendants object to the renaming of Hopkins as a defendant but do not otherwise oppose the motion.  For the reasons stated below, the motion is granted.

## Prior Proceedings

This prisoner's civil rights action arising out of an alleged beating at Rikers was commenced in July 1988 against six defendants, four of whom are correctional officers of various rank. The other two original defendants, Commissioner Koehler and Warden Hopkins, occupy positions of supervisorial authority over the Rikers facility.

In February 1989, following several months during which plaintiff sought to serve the complaint and defendants sought extensions of time to investigate the alleged incidents, an answer was filed by the Corporation Counsel on behalf of all defendants. Thereafter, defendants Koehler and Hopkins moved in August 1989 for dismissal of the complaint as against them on grounds that the complaint failed to allege any action on their part upon which liability could be predicated. On August 25, 1989 that unopposed motion was granted.

On October 30, 1989 Murray filed the instant motion, seeking to amend the complaint to re-name Warden Hopkins and add two additional correctional officers as defendants. The motion was adjourned at the request of defendants to November 25, 1989, at which point opposition papers were filed and the matter taken under submission.

## The Amended Complaint

In the amended complaint, Murray alleges that he was assaulted by a number of correctional officers on May 11, 1988 following a riot or altercation that arose in a hallway at the Rikers facility. Murray states that fifteen minutes after the incident, while he was in the housing area, he was identified by officers as one of the participating inmates. The officers allegedly picked Murray out as the inmate who had punched defendant Daly, an assistant deputy warden at Rikers, during the incident. According to Murray's complaint, after being identified in the housing area, he was handcuffed, taken to a receiving room and then beaten by several officers.

The alleged assailants in the receiving room include Captain Kevin Cole and Officer Elmor Velez, the two additional officers Murray seeks permission to name as defendants. Both are accused of using excessive force against Murray, the former by employing a "choke hold" in violation of the facility's rules and regulations, the latter by punching plaintiff in the face.

In addition, the complaint charges that Warden Hopkins was "immediately notified of the [hallway] incident by radio or phone, prior to plaintiff being injured" yet took no action to ensure plaintiff's safety or adherence by the officers to departmental rules, regulations or procedures, notwithstanding the Warden's knowledge that officers in the facility have "a high record of physical abuse or excessive use of force ... against inmates, after an inmate has been in an altercation with officers."

## Supervisory Official Liability

■ Defendants do not oppose the addition of Officers Cole and Velez to the action, each of whom is alleged to have directly participated in the beating of Murray. The only issue before the court therefore is the appropriateness of amending the complaint to name Warden Hopkins as a defendant. Defendants oppose such amendment on the ground that the claim sought to be asserted against Hopkins is without merit as a matter of law. *See Love v. New York State Dept. of Environ. Conserv.*, 529 F.Supp. 832, 845 (S.D.N.Y. 1981) (denial of leave to amend appropriate where claim wholly lacking in merit).

■ A supervisory official is not liable under section 1983 by virtue of his subordinate's actions; rather, he must be shown to have "some personal responsibility." *Al–Jundi v. Estate of Rockefeller*, 885 F.2d 1060, 1065 (2d Cir.1989) (quoting *Johnson v. Glick*, 481 F.2d 1028, 1034 (2d Cir.), *cert. denied*, 414 U.S. 1033, 94 S.Ct. 462, 38 L.Ed.2d 324 (1973)); *see also Williams v. Smith*, 781 F.2d 319, 323 (2d Cir.1986). In *Williams v. Smith*, the Second Circuit outlined four ways in which a supervisory official may be personally involved in a § 1983 violation: he may (1) be directly involved, such as where a warden orders an inmate disciplined; (2) fail to remedy a wrong after learning of the viola-

tion through a report or appeal; (3) have created or allowed to continue a policy under which the violation occurred; or (4) have been grossly negligent in managing subordinates who caused the unlawful condition. 781 F.2d at 323–24.

■ With respect to the latter two prongs of liability, a prison superintendent is not held responsible for an isolated incident about which he had no advance notice. *See Oklahoma City v. Tuttle,* 471 U.S. 808, 823–24, 105 S.Ct. 2427, 85 L.Ed.2d 791 (1985). In *Williams v. Vincent,* 508 F.2d 541, 546 (2d Cir.1974), the dismissal of a prisoner's complaint against the prison superintendent was upheld where the plaintiff had failed to allege either that the superintendent authorized the officer's objectionable conduct or that there had been a history of similar incidents. *See also Johnson v. Glick,* 481 F.2d 1028, 1034 (2d Cir.), *cert. denied,* 414 U.S. 1033, 94 S.Ct. 462, 38 L.Ed.2d 324 (1973) (warden not liable for a correction officer's single spontaneous beating of inmate); *Bowman v. Casler,* 622 F.Supp. 836, 838–39 (N.D.N.Y. 1985) (sheriff's summary judgment motion granted where plaintiff failed to submit evidence that the sheriff authorized the assault or that a policy existed allowing such conduct).

Here, Murray claims that Hopkins was aware of a past history of beatings under similar circumstances and that Hopkins had notice of the hallway fracas and of Murray's involvement in that fracas prior to the alleged retributive assault upon Murray by officers. These allegations, which must be taken as true for present purposes, distinguish this case from the authorities cited above and suffice to state a cause of action. Murray's cognizable claim is that Warden Hopkins had a strong basis to believe, before the fact, that Murray

would suffer punitive physical abuse at the hands of his officers if the Warden did not intervene, and thus, by failing to act, the Warden was grossly negligent or "deliberately indifferent to known risks of danger." *Al–Jundi,* 885 F.2d at 1066.[1]

Murray's allegations, if proven, would permit a reasonable person to conclude that Hopkins had "actual or constructive notice" of foreseeable unconstitutional practices and "demonstrate[d] 'gross negligence' or 'deliberate indifference' by failing to act." *Meriwether v. Coughlin,* 879 F.2d 1037, 1048 (2d Cir.1989). *See also Morales v. New York State Dept. of Corrections,* 842 F.2d 27, 30 (2d Cir.1988); *Haynesworth v. Miller,* 820 F.2d 1245, 1261 (D.C.Cir. 1987); *Gill v. Mooney,* 824 F.2d 192, 195–96 (2d Cir.1987); *Villante v. Department of Corrections,* 786 F.2d 516, 522 (2d Cir. 1986); *McCann v. Coughlin,* 698 F.2d 112, 125 (2d Cir.1983); *Wright v. McMann,* 460 F.2d 126, 134–35 (2d Cir.), *cert. denied,* 409 U.S. 885, 93 S.Ct. 115, 34 L.Ed.2d 141 (1972). *City of Canton, Ohio v. Harris,* 489 U.S. 378, 109 S.Ct. 1197, 1203, 103 L.Ed.2d 412 (1989) (discussing "deliberate indifference" standard of municipal liability based upon failure to train). While defendants note that the exhibits plaintiff has attached to his amended complaint fail fully to support the allegation that Warden Hopkins had notice of the incident at a time that would permit his intervention, at this stage of the proceeding Murray is not required to prove the allegations made within his complaint.[2] Nor can it be assumed, in view of the court's obligation to make inferences favorable to Murray, *see Morales v. New York State Dept. of Corrections,* 842 F.2d 27, 30 (2d Cir.1988), that since Hopkins was not physically present when Murray was allegedly beaten, he had no opportunity to intervene in the officers'

---

1. *Al–Jundi* is clear that the "deliberate indifference" standard of liability does not apply to considered choices made by prison officials concerning the use of force to restore order during a prison disturbance. *Al–Jundi,* 885 F.2d at 1066 (citing *Whitley v. Albers,* 475 U.S. 312, 320, 106 S.Ct. 1078, 1084–85, 89 L.Ed.2d 251 (1986)). Defendants have not sought to invoke this defense here, perhaps because the amended complaint can be read to assert that order already

had been restored at the time of the correctional officers' alleged beating of Murray. *Cf. Meriwether v. Coughlin,* 879 F.2d 1037, 1048 (2d Cir.1989).

2. Should counsel for defendants believe there is no genuine dispute as to this factual issue of notice, a motion under Rule 56, Fed.R.Civ.P., is the obvious course by which to proceed.

conduct. The complaint alleges that the beating by the officers followed the hallway incident, notice of which was "immediately" given to the Warden, by more than fifteen minutes. It is conceivable therefore that Warden Hopkins could have taken some action, assuming he had been given good reason to act. For all of these reasons, the amended complaint states a claim against the Warden.

*Conclusion*

Murray's motion to amend the complaint is granted and the amended complaint that was submitted with his motion is deemed filed. Murray shall serve copies of the amended complaint upon the newly-named defendants Cole and Velez within 45 days. Service upon Hopkins is deemed accomplished by virtue of the prior service of the original complaint upon Hopkins and service of this motion on Hopkins' counsel, the Corporation Counsel for the City of New York.

It is so ordered.